IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GLENN SMITH,

      Plaintiff,

vs.                             Case No. 4:14cv606-RH/CAS

PAMELA JO BONDI, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has now filed his second amended civil rights complaint [hereinafter "complaint"], doc. 23. The complaint itself spans just a few pages, doc. 23 at 13-19, but Plaintiff also improperly attached exhibits and a memorandum of law to the complaint. *Id.* at 20-130. Under Fed. R. Civ. P. 8(a), a pleading should only contain a "short and plain statement" of the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief; and" a demand for relief. FED. R. CIV. P. 8(a). A pleading should not contain a memorandum of law and no Defendant should be required to respond to a memorandum. Moreover, to the degree a memorandum of law is filed with a motion, the rules of this Court provide that "[n]o memorandum may exceed twenty-five (25) pages absent good cause shown

and prior order of the court."  N.D. Fla. Loc. R. 7.1(A).  Plaintiff's memorandum does not

comply with Rule 8, nor does it comply with Rule 7.1.

Notwithstanding, Plaintiff's complaint has been reviewed.  Plaintiff alleges that he

previously filed a lawsuit against the Defendants named in this case.  Doc. 23 at 13-14.

In the course of that litigation, the Defendants were represented by an attorney from the

Office of the Attorney General for the State of Florida.  *Id.*  Plaintiff was held to be a

"vexatious litigant" by the state court in that matter.  *Id.*  Plaintiff now contends that the

Florida Vexatious Litigant law, § 68.093, is unconstitutional.  *Id.* at 14-17.

First, the determination that Plaintiff is a vexatious litigant is a judicial

determination and Defendants are not liable to Plaintiff for that decision.  Under Florida's

law, a defendant "may move the court, upon notice and hearing, for an order requiring

the plaintiff to furnish security. The motion shall be based on the grounds, and

supported by a showing, that the plaintiff is a vexatious litigant and is not reasonably

likely to prevail on the merits of the action against the moving defendant."  FLA. STAT.

§ 68.093.  The court makes the determination that a plaintiff is a vexatious litigant and,

thus, Defendants have not violated Plaintiff's constitutional rights.[1]

Second, Plaintiff's challenge to the constitutionality of § 68.093 is without merit.

Plaintiff has already raised a challenge to that statute (FLA. STAT. § 68.093) in state

court at least three times.  Smith v. Fisher, 965 So.2d 205 (Fla. 4th DCA 2007); Smith v.

Hernandez, 20 So.3d 905 (Fla. 2d DCA 2009); Smith v. Hatcher, 117 So.3d 439 (Fla.

1st DCA 2013).  The statute has been upheld each time.

---

[1] The Attorney General is an appropriate Defendant when challenging the
constitutional of a state statute.  N.D. Fla. Loc. R. 24.1(B).

The statute has been upheld against First Amendment challenges in federal court as well.  The Eleventh Circuit "repeatedly has held that federal courts have the power to manage their dockets and curb vexatious litigation."  Woodroffe v. Attorney Gen., No. 8:08-CV-1838-T-30EAJ, 2009 WL 320863, at *2 (M.D. Fla. Feb. 9, 2009) (quoting May v. Maass, 2005 WL 2298296, *3 (11th Cir. Sept. 22, 2005)[2] and declining to find the statute unconstitutional).  "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation."  Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002) (affirming that injunction prohibiting the filing of any action without first obtaining leave of court did not violate Riccard's First Amendment rights).  Plaintiff has not shown that his constitutional rights have been violated and his claims against the Defendants should be dismissed.

Plaintiff contends the statute is unconstitutional because there is no compelling interest and it is not narrowly tailored.  Doc. 23 at 16.  There is, however, a compelling interest "in the protection of the rights of others to timely review of their legitimate filings."  May v. Barthet, 934 So. 2d 1184, 1187 (Fla. 2006) (explaining justification for sanctions against an abusive litigant).  Put another way, "[t]he compelling state interest behind section 68.093 is to prevent vexatious litigation from interfering with the business of the court system."  Smith v. Fisher, 965 So. 2d 205, 209 (Fla. 4th DCA 2007).  "As noted by the United States Supreme Court, '[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's

---

[2] It appears that the proper citation for that case should be United States v. Maass, No. 05-11632, 2005 WL 2298296, at *3 (11th Cir. Sept. 22, 2005) (holding that "dismissal under Rule 41 was not an abuse of discretion.").

limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.' "  In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (quoted in May, 934 So. 2d at 1187)). There is a compelling interest in providing justice to litigants and enabling courts to work efficiently without the burden on judicial resources of processing frivolous or repetitious filings.

Moreover, the statute is narrowly tailored because it "does not restrict the vexatious litigant's rights more than absolutely necessary."  Smith v. Fisher, 965 So. 2d 205, 209 (Fla. 4th DCA 2007).  The courthouse door is not closed to Plaintiff, but he must post a security as deemed appropriate by the court to proceed with his case. Such process is narrowly tailored to the problem presented, harassment of a defendant through judicial process.

To the degree Plaintiff also contends that the statute is vague, Plaintiff's arguments are rejected.  Terms such as "immediately preceding," "finality," and "civil action" are not vague terms.  Their meaning is well understood and Plaintiff has not professed any misunderstanding or doubt as to the meaning of those terms.  A vexatious litigant is defined as a person "who, in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state . . . which actions have been finally and adversely determined against such person . . . ."  FLA. STAT. § 68.093(2)(d).  The words "immediately preceding" clearly refers to the five year period preceding the filing or commencement of an action.  The term "finality" is not part of the statute, but assuming that Plaintiff meant to challenge the phrase "finally and adversely determined," the argument is rejected.

The phrase is used as a definition: "An action is not deemed to be 'finally and adversely determined' if an appeal in that action is pending." FLA. STAT. § 68.093(2)(d). There can be no doubt as to whether an appeal is pending or not. Furthermore, the phrase "civil action" is defined as an "action governed by the Florida Rules of Civil Procedure and proceedings governed by the Florida Probate Rules, but does not include actions concerning family law matters governed by the Florida Family Law Rules of Procedure or any action in which the Florida Small Claims Rules apply." FLA. STAT. § 68.093(2)(a).

Plaintiff also contends the statute is vague "as to the due process due," but the statute is clear in stating that a defendant "may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security." FLA. STAT. § 68.093(3)(a). The statute explains that any such motion shall show that plaintiff meets the definition of a "vexatious litigant and is not reasonably likely to prevail on the merits of the action against the moving defendant." *Id.* A hearing shall be held in which "the court shall consider any evidence, written or oral, by witness or affidavit, which may be relevant to the consideration of the motion." FLA. STAT. § 68.093(3)(b). The statute satisfactorily explains the process due to a litigant.

To the degree Plaintiff contends the statute violations his equal protection rights, the allegation is a bare conclusion unsupported by facts showing he is treated differently. Nevertheless, the Equal Protection Clause does not require that all persons be treated the same. Rather, it protects "individuals from being treated arbitrarily without a legitimate justification." Clements v. Fashing, 457 U.S. 957, 963, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982) (cited in Abdool v. Bondi, 141 So. 3d 529, 545 (Fla. 2014)

(noting that "the Equal Protection Clause requires only that the classification be rationally related to a legitimate state interest.")).  There is a rational basis for the imposition of additional burdens on vexatious litigants who often impose burdens on both courts and defendants.

Finally, to the degree Plaintiff seeks to challenge the statute as applied to him, Plaintiff argues that his "litigation history cannot be found to be vexatious . . . ."  Doc. 23 at 17.  Such a challenge is, in reality, a challenge to a state court final judgment.  The Rooker-Feldman doctrine makes clear that federal courts do not sit to review such judgments.  Only the United States Supreme Court may do so and, thus, this Court lacks jurisdiction to review the decision concluding that Plaintiff is a "vexatious litigant" under § 68.093(3)(b).

Plaintiff's complaint does not comply with Rule 8, fails to state a claim upon which relief may be granted, and this case should be dismissed *sua sponte*.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 23, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 20, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**